IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY FAREED,                    :
                                :
    Plaintiff,                  :
                                :
v.                              :  CIVIL ACTION NO.
                                :  1:12-CV-1794-RWS
U.S. SECURITY ASSOCIATION,      :
INC., *et al.*,                 :
                                :
    Defendants.

## **ORDER**

On May 25, 2012, Magistrate Judge C. Christopher Hagy entered an Order [2] permitting Plaintiff to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984

F.2d 393, 393 (11th Cir. 1993).

Plaintiff has asserted his claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), which requires that an employee alleging discrimination file a charge of discrimination with the EEOC before bringing a civil complaint in a federal court. 42 U.S.C. § 2000e-5(f)(1). Upon the filing of a charge, the EEOC conducts an investigation into the alleged discriminatory practices of the employer. 42 U.S.C. § 2000e-5(b). Only after the EEOC has notified the aggrieved person of its decision to dismiss the charges or its inability to bring a civil action within the requisite time period can that person bring a civil action. 42 U.S.C. § 2000e-5(f)(1) (a civil action may be brought against the respondent named in the charge within ninety days after the EEOC issues a right-tosue notice); see also Park v. Howard University, 71 F.3d 904, 906 (D.C. Cir. 1995). An employee must completely exhaust the administrative remedies available from the EEOC before filing suit in federal court. Buffington v. General Time Corp., 677 F. Supp. 1186, 1192 (M.D. Ga. 1988) (citing Beverly v. Lone Star Lead Constr. Corp., 437 F.2d 1136, 1139-40 (5th Cir. 1971)).

In this case, although Plaintiff alleges in the Complaint that he filed a charge of discrimination with the EEOC, he fails to allege that he has received a

2

notice of his right to sue, as required under Title VII before bringing suit. *See* Compl. at ¶¶ 10, 11. In addition, the Plaintiff has attached to his Complaint an EEOC Intake Questionnaire indicating that he filed it with the EEOC on May 7, 2012, which suggests that the EEOC has not yet had an opportunity to investigate his complaint before issuing a right to sue notice. See EEOC Intake Questionnaire, Compl. Ex. D. Accordingly, it appears that Plaintiff has failed to exhaust his administrative remedies as required under Title VII and the action is subject to dismissal on that ground.

Furthermore, it appears that Plaintiff also has failed to state a claim under Title VII because he does not allege that he was discriminated against on the basis of his race, religion, sex, national origin, or any other classification that is protected under Title VII. See Compl. at ¶ 6. Although Plaintiff alleges that he was subjected to "discrimination," he fails to allege that the basis of the discrimination was any protected classification. In addition, although Plaintiff also alleges that he was subjected to "retaliation," he fails to allege that he opposed any discriminatory employment practice prohibited by Title VII, or that he engaged in any other protected activity under Title VII that would give rise to a claim of unlawful retaliation.

Finally, Plaintiff has also failed to state a claim under Title VII against the individual Defendants, Michael J. Geisler, Sam Smith, Daryl Bailey, and Guy Wade, because the allegations in the Complaint indicate that none of them was Plaintiff's actual employer for the purpose of his Title VII claim. The Eleventh Circuit has held that "[t]he relief granted under Title VII is against the employer, not the individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); accord Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Cross v. State of Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995). Therefore, Plaintiff may only assert a valid claim under Title VII against his actual employer, which, on the basis of the Complaint, appears to have been at all relevant times Defendant U.S. Security Assoc., Inc.

Based on the foregoing, the Court finds that the Complaint is frivolous and fails to state a claim on which relief may be granted. Therefore, this action is hereby **DISMISSED**. The Clerk shall close the case.

**SO ORDERED**, this   29th   day of May, 2012.

_____
**RICHARD W. STORY**
United States District Judge

4